# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Christine M. Arguello

Civil Action No. 18-cv-02110-CMA

RAEDELL BUSTAMANTE,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

___

## ORDER AFFIRMING DENIAL OF SOCIAL SECURITY DISABILITY BENEFITS
___

This matter is before the Court on review of the Social Security Commissioner's decision denying Plaintiff Raedell Bustamante's application for disability benefits. Jurisdiction is proper under 42 U.S.C. § 405(g). For the reasons that follow, the Court affirms the decision of the Commissioner.

## I. BACKGROUND

Plaintiff was born in 1966. (Doc. # 11-5 at 124.)[1] She completed one year of college, and she was most recently employed as a medical clerk from 2007 to 2015. (Doc. # 11-6 at 172.) Plaintiff suffers from several health issues including diabetes mellitus type II, diabetic peripheral neuropathy, tibial occlusive arterial disease,

---

[1] All of the exhibits filed at Doc. # 11 constitute the Administrative Record in this matter. The Court cites to the docket number of the exhibit (e.g., Doc. # 11-5) and the page number from the Administrative Record (e.g., at 124).

gastroparesis, hypertension, hypercholesterolemia, gout, obesity, and colitis. (Doc. # 11-2 at 17–18.) Plaintiff's last day of employment was on January 30, 2015. (*Id*. at 17.)

On January 30, 2015, Plaintiff filed an application for a period of disability and disability insurance benefits, as well as an application for supplemental security income. (*Id*.) In both applications, Plaintiff alleged disability beginning on January 30, 2015. Plaintiff's claims were initially denied on June 25, 2015. Subsequently, Plaintiff filed a written request for a hearing on July 15, 2015, which took place on December 15, 2016. The hearing was conducted by an administrative law judge ("ALJ"), and Amanda Munzer, an impartial vocational expert, also appeared at the hearing.

On May 24, 2017, the ALJ issued a written decision in which the ALJ determined that Plaintiff was not disabled for purposes of her claims for: disability, disability insurance benefits, and supplemental security income. (*Id*. at 24.) Thereafter, Plaintiff sought review of the ALJ's decision from the Social Security Administration Appeals Council. However, Plaintiff's request for review was denied[2] because the Appeals Council concluded that there was no "basis for changing the [ALJ's] decision." (*Id*. at 1.) Accordingly, the ALJ's decision became the finial decision of the Commissioner of Social Security. This appeal followed.

## II.    STANDARD OF REVIEW

When reviewing the Commissioner's decision, this Court is limited to determining "whether the findings are supported by substantial evidence and whether the Secretary

---

[2] In reaching its decision, the Appeals Council considered, *inter alia*: whether the ALJ abused her discretion; whether there is an error of law; and whether the ALJ's decision is supported by substantial evidence. (Doc. # 11-2 at 2.)

applied the correct legal standards." *Pacheco v. Sullivan*, 931 F.2d 695, 696 (10th Cir. 1991); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). The Supreme Court has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 217 (1938). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). Thus, a decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (internal quotation marks omitted).

In reviewing the record to make the substantial evidence determination, the Court "may not reweigh the evidence nor substitute [its] judgment for the Secretary's." *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994). In addition, the Court "may not displace the agency's choice between two fairly conflicting views, even though the [C]ourt would justifiably have made a different choice had the matter been before it de novo." *Lax*, 489 F.3d at 1084 (quotation marks and citation omitted). Also, the Court "defer[s] to the ALJ on matters involving the credibility of witnesses." *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

Additionally, "[f]ailure to apply the correct legal standard or to provide this [C]ourt with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). "There are specific

rules of law that must be followed in deciding whether evidence is substantial in these disability cases." *Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir. 1987).

However, not every error in evaluating evidence or applying the correct legal standard warrants reversal or remand. "Courts may not reverse and remand for failure to comply with a regulation without first considering whether the error was harmless." *Bornette v. Barnhart*, 466 F. Supp. 2d 811, 816 (E.D. Tex. 2006); *see also Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (recognizing that the Tenth Circuit has "specifically applied [the principle of harmless error] in social security disability cases" and collecting cases). Harmless error exists where it is "inconceivable" that a different administrative conclusion would have been reached absent the error. *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003).

## III. ANALYSIS

To determine whether a claimant is disabled as defined in 20 C.F.R. § 404.1505, the Social Security Administration has established a five-step sequential evaluation process. 20 C.F.R. § 404.1520; *see Bowen v. Yuckert*, 482 U.S. 137, 140–41 (1987). Specifically, the ALJ must determine whether the claimant: (1) is engaging in substantial gainful activity; (2) has a medically determinable impairment that is "severe" or a combination of impairments that is "severe"; (3) has an impairment or combination of impairments of a severity which meets or is medically equal to the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the residual functional capacity ("RFC") to perform the requirements of her past relevant work; and (5) is able to do any other work considering her residual functional capacity, age,

education, and work experience. 20 C.F.R. § 404.1520. If a determination is made at any of the steps that the claimant is or is not disabled, "evaluation under a subsequent step is not necessary." *Williams v. Bowens*, 844 F.2d 748, 750 (10th Cir. 1988).

In the instant case, the ALJ performed an extensive analysis of Plaintiff's RFC. The ALJ's considered Plaintiff's medical history, opinions from medical professionals, testimony from the December 15, 2016 hearing, and other evidence in the record. (Doc. # 11-2 at 17–24.) The ALJ determined that Plaintiff has the RFC to perform light work—subject to various conditions—and that she "is capable of performing [her] past relevant work as a Medical Clerk, Medical Assistant, and Home Health Attendant." (*Id*. at 19, 23.) Accordingly, the ALJ concluded that Plaintiff is not disabled pursuant to step four of the five-step sequential evaluation. (*Id*. at 23.)

On appeal, Plaintiff asserts that the ALJ's decision is flawed in two major respects. First, Plaintiff argues that the ALJ gave one medical professional's opinion—Dr. Paul Barrett, M.D.—undue weight in finding that Plaintiff's gastrointestinal disorder is not severe. *See* (Doc. # 14 at 30–45). Second, Plaintiff argues that the ALJ's RFC determination failed to consider the combined impact of Plaintiff's severe and non-severe conditions as well as other evidence in the record. *See* (*id*. at 37–44). The Court will consider each argument in turn.

A. **THE ALJ'S RELIANCE ON DR. BARRETT'S OPINION WAS JUSTIFIED AND THE ALJ DID NOT ERR IN FINDING PLAINTIFF'S GASTROINTESTINAL DISORDER TO BE NON-SEVERE**

Plaintiff argues that the ALJ's "reliance upon Dr. Barrett's opinion to reject symptoms of a gastrointestinal disorder—including gastroparesis . . . is clear error," or

5

else "below the substantial evidence burden of proof." (Doc. # 14 at 34.) The Court disagrees. A review of the ALJ's decision shows (1) the ALJ properly justified her reliance on Dr. Barrett's opinion; and (2) the ALJ's conclusion regarding the severity of Plaintiff's gastrointestinal disorder is supported by substantial evidence.

    1.    <u>The ALJ Properly Justified her Reliance on Dr. Barrett's Opinion</u>

In assessing a claimant's RFC, an ALJ must consider all the medical opinions in the record. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c). Additionally, the ALJ must discuss the weight assigned to opinions of both treating and non-treating sources. *See id.*; *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004). Further, 20 C.F.R. § 404.1527(c) provides six factors that bear on deciding the weight given to any medical opinion:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Davis v. Berryhill*, No. 18-cv-00876-CMA, 2019 WL 158075, at *3 (D. Colo. Jan. 10, 2019) (quoting *Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003)). The ALJ's consideration of the opinion evidence in this case—including the weight attributed to Dr. Barrett's opinion—was procedurally proper and supported by substantial evidence.

Dr. Barrett opined that Plaintiff's impairments—including her gastrointestinal disorder, diabetes, and obesity—cause "some limitations in [her] work related activities." (Doc. # 11-3 at 77.) However, Dr. Barret also determined that, despite Plaintiff's health-

6

related limitations, she could sit with normal breaks for approximately 6 hours in an 8-hour workday. (*Id*. at 74.) Thus, Dr. Barrett concluded that Plaintiff could perform sedentary work because "[her] condition is not severe enough to keep [her] from working." (*Id*. at 77–78.)

The ALJ attributed "great weight" to Dr. Barrett's opinion. (Doc. # 11-2 at 22.) By way of explanation, the ALJ indicated that Dr. Barrett's opinion was "generally consistent with the medical evidence" because "the longitudinal record indicates that [Plaintiff's] symptoms improve significantly with medication compliance." (*Id*.) Additionally, the ALJ found Dr. Barrett's analysis to be persuasive "because Dr. Barrett is a specialist in evaluating impairments and has experience in evaluating claimants in the context [of] determining disability, as a [Disability Determination Services] doctor." (*Id*.) Therefore, the ALJ properly considered relevant factors set forth in 20 C.F.R. § 404.1527(c) that bear on an expert's opinion such as Dr. Barrett's specialty, the degree to which his opinion is supported by relevant evidence, and the degree to which his opinion is consistent with the record as a whole. Accordingly, the ALJ sufficiently justified the weight attributed to Dr. Barrett's opinion.

    2.    <u>The ALJ's Finding that Plaintiff's Gastrointestinal Disorder was Not Severe is Supported by Substantial Evidence</u>

An ALJ must determine which, if any, of a claimant's impairments are "severe" at step two of the five step sequential evaluation. A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. *Zagorianakos v. Colvin*, 81 F. Supp. 3d 1036, 1040 (D. Colo. 2015); 20 C.F.R. § 404.1520(c).

In the instant case, the ALJ concluded that Plaintiff's diabetes mellitus type II, diabetic peripheral neuropathy, and tibial occlusive arterial disease constitute "severe" impairments. However, based on the evidence in the record, the ALJ found Plaintiff's gastroparesis to be "nonsevere" because "[t]he objective evidence simply does not support [Plaintiff's] allegations" regarding the degree to which that condition inhibited Plaintiff's ability to function. (Doc. # 11-2 at 18.) Although ALJ's conclusion agrees with Dr. Barrett's opinion, the ALJ's decision also is supported by substantial evidence that is independent from Dr. Barrett's opinion.

The ALJ gave clear, specific, legitimate reasons linked to evidence in the record for her assessment of the severity of Plaintiff's gastrointestinal disorder. These reasons included: relatively mild objective medical findings; Plaintiff's failure to comply with treatment recommendations—particularly her lack of compliance with directions to control her diabetes and to attend follow-up appointments; evidence that she may have exaggerated her symptoms and engaged in drug-seeking behavior; and her relatively normal activities of daily living. (Doc. # 11-2 at 18–23.) The ALJ's findings in this regard find support in the record, and her determination is, therefore, entitled to "substantial deference." *Lumpkin v. Colvin*, 112 F. Supp. 3d 1169, 1173 (D. Colo. 2015) (citing *White v. Barnhart*, 287 F.3d 903, 910 (10th Cir. 2001); *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000)).

Moreover, although Plaintiff cites other evidence in the record which suggests that her gastrointestinal disorder was more severe than the ALJ found it to be, the Court "may not displace the agency's choice between two fairly conflicting views, even though

8

the [C]ourt would justifiably have made a different choice had the matter been before it de novo." *Lax*, 489 F.3d at 1084 (quotation marks and citation omitted).

**B.    THE ALJ PROPERLY CONSIDERED THE COMBINED IMPACT OF PLAINTIFF'S CONDITIONS AND ALL OF THE EVIDENCE IN THE RECORD**

Plaintiff argues that "the RFC is inadequate" because the RFC fails "to consider all of [Plaintiff's] impairments and fail[s] to consider the combined impact of all of [Plaintiff's] impairments, severe and non-severe." (Doc. # 14 at 37.) Plaintiff similarly argues that the ALJ failed to properly evaluate Plaintiff's "activities of daily living and side-effects of [her] medication . . . ." (*Id*. at 41.) The Court disagrees.

In the course of analyzing Plaintiff's RFC, the ALJ indicated that she "considered **all symptoms** and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence . . . ." (Doc. # 11-2 at 20) (emphasis added). The ALJ also indicated that her RFC determination was based on "careful consideration of the entire record." (*Id*. at 19.)

Reviewing courts generally "take a lower tribunal at its word when it declares that it has considered a matter." *Davis*, 2019 WL 158075, at *5 (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005)); *see, e.g.*, *Manning v. Colvin*, 182 F. Supp. 3d 1156, 1164 (D. Colo. 2016) (same). Moreover, the "Tenth Circuit has made clear that an ALJ's findings at steps two and three of the sequential evaluation need not necessarily be translated into work-related functional limitations in assessing residual functional capacity at step four." *Manning*, 182 F. Supp. 3d at 1164 (citations omitted). Further, although the "regulations obligate the ALJ to *consider* whether the plaintiff's severe and non-severe impairments in combination are severe, *see* 20 C.F.R. § 404.1523, they do

9

not require [the ALJ] to specifically *address* all such factors" in the RFC determination. *Id*. (citing *Birkle v. Colvin*, 82 F. Supp. 3d 1308, 1314 n.8 (D. Colo. 2015)).

In the instant case, there is "nothing in [the] record to cast doubt on the ALJ's representation that [the ALJ] considered all of Plaintiff's symptoms and limitations while determining the appropriate RFC." *Davis*, 2019 WL 158075, at *6 (citation and internal quotation marks omitted). Notwithstanding Plaintiff's assertions to the contrary, the ALJ did, in fact, address Plaintiff's gastrointestinal issues, the effects of her medications, and a myriad number of her other conditions in the ALJ's RFC analysis. (Doc. # 11-2 at 21–23.) However, the ALJ appears to have reasonably attributed significant weight to Plaintiff's husband's testimony at the December 15, 2016 hearing.

At the hearing, the ALJ asked Plaintiff's husband to describe the state of Plaintiff's gastrointestinal condition at that time. Plaintiff's husband indicated that although Plaintiff still had periodic issues, her condition was "getting better," and that "the episodes haven't escalated to having to go to the emergency room all the time, like before." (*Id*. at 50.) Therefore, the record shows that the ALJ considered all of Plaintiff's impairments—including those that the ALJ determined to be non-severe—in the ALJ's RFC determination. Accordingly, the ALJ's through analysis does not present grounds for either reversal or remand.

## IV. CONCLUSION

Based on the foregoing, this Court finds that the ALJ's decision was supported by substantial evidence and the ALJ committed no legal error in reaching the ALJ's adverse finding as to Plaintiff's disabilities.[3]

Accordingly, it is ORDERED that the ALJ's denial of Plaintiff's claims for disability, disability insurance benefits, and supplemental security income for Plaintiff's alleged disability beginning on January 30, 2015, is AFFIRMED.

DATED: August 26, 2019

BY THE COURT:

*(signature)*
CHRISTINE M. ARGUELLO
United States District Judge

---

[3] The Court does not doubt that the conditions from which Plaintiff suffers are very difficult to cope with. The Court is sympathetic to evidence in the record that illustrates the degree to which Plaintiff's gastrointestinal disorder, for example, impacts her daily life. *See, e.g.*, (Doc. # 11-15 at 805–806) (Emergency Department records recounting instance of Plaintiff returning to the hospital a day after being discharged because she was experiencing incessant vomiting, which was observed by medical professionals). Nevertheless, the applicable standard of review prohibits this Court from reweighing the evidence in the record. *Lax*, 489 F.3d at 1084.